**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CR-80093-MIDDLEBROOKS

UNITED STATES OF AMERICA

v.

JASEN BUTLER

      Defendant.

_____/

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

1

**The Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A defendant does not have to testify, and you cannot consider in any way the fact that the Defendant did not testify. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**Consideration of Direct and Circumstantial Evidence;**

**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

• Did the witness impress you as one who was telling the truth?

• Did the witness have any particular reason not to tell the truth?

• Did the witness have a personal interest in the outcome of the case?

• Did the witness seem to have a good memory?

• Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

• Did the witness appear to understand the questions clearly and answer them directly?

• Did the witness's testimony differ from other testimony or other evidence?

### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of the misstatement may depend on whether the misstatement was about an important fact or about an unimportant detail.

**Introduction to Offense Instructions**

The indictment charges thirty-five separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Counts 1-27 charge the Defendant with wire fraud.  Counts 28-33 charge the Defendant with forgery.  Counts 34 and 35 charge the Defendant with laundering the proceeds of the wire fraud.  I will explain the elements of each of these crimes to you.

**Wire Fraud**

**18 U.S.C. § 1343**

Counts 1-27 charge the Defendant with wire fraud, in violation of 18 U.S.C. § 1343.

It's a Federal crime to use interstate wire, radio, or television communications to carry out a scheme to defraud someone else.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

1. the Defendant knowingly devised or participated in a scheme to defraud someone by using false or fraudulent pretenses, representations, or promises;

2. the false pretenses, representations, or promises were about a material fact;

3. the Defendant acted with the intent to defraud; and

4. the Defendant transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

A "scheme to defraud" means any plan or course of action intended to deceive or cheat someone out of money or property by using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes with the intent to defraud. A statement or representation may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to use false or fraudulent pretenses, representations, or promises to obtain a victim's money or property, regardless of whether a Defendant intends to leave the victim economically worse off. Proving intent to deceive alone, without the intent to cause loss or injury, is not sufficient to prove intent to defraud.

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. It also doesn't have to prove that the material transmitted by interstate wire was itself false or fraudulent; or that using the wire was intended as the specific or exclusive means of carrying out the alleged fraud; or that the Defendant personally made the transmission over the wire. And it doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "use" interstate wire communications is to act so that something would normally be sent through wire, radio, or television communications in the normal course of business.

Each separate use of the interstate wire communications as part of the scheme to defraud is a separate crime.

**Forgery**

**18 U.S.C. § 495**

Counts 28-33 charge the Defendant with falsely making, forging, counterfeiting, or altering a document, in violation of 18 U.S.C. § 495.

The Defendant can be found guilty of this offense only if all the following are proved beyond a reasonable doubt;

1. The defendant falsely made, forged, counterfeited, or altered an invoice, a wire transfer receipt, or a payment receipt; and

2. The defendant did so for the purpose of obtaining money, or enabling him to obtain money, from the United States;

**Money Laundering**

**18 U.S.C. § 1957**

Counts 34 and 35 charge the Defendant with laundering the proceeds of wire fraud, in violation of 18 U.S.C. § 1957.

It's a Federal crime for anyone to engage in certain kinds of financial transactions commonly known as money laundering.

The Defendant can be found guilty of this offense only if all the following are proved beyond a reasonable doubt:

1. the Defendant knowingly engaged or attempted to engage in a monetary transaction;

2. the Defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

3. the property had a value of more than $10,000;

4. the property was in fact proceeds of wire fraud; and

5. the transaction took place in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange of funds or monetary instrument by, through, or to a financial institution in a way that affects interstate commerce.

A "financial institution" means an insured bank or commercial bank and trust company.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

It doesn't matter whether the Defendant knew the precise nature of the crime or that the property came from committing wire fraud.  But the Government must prove that the Defendant knew that the property involved in the monetary transaction was obtained or derived from committing some crime.

Also it doesn't matter whether all the property involved was derived from a crime. The Government only has to prove that $10,000 worth of the property was obtained or derived from committing a crime.

**Good-Faith Defense**

"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed or a defendant's belief that he deserved or was somehow entitled to the money doesn't constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

**Actions of the Military**

It is not a defense to the crime of wire fraud that the United States Department of Defense, the Coast Guard, or the Navy (collectively the "military") could have done something more than it did to prevent the offense. In other words, if you find that the Government has proved all the elements of wire fraud beyond a reasonable doubt, it is not a defense that such fraud might not have occurred if the military had better internal controls or acted with greater care.

Therefore, any evidence that the military could have done something to prevent any fraud which you find occurred, or evidence that its procedures were somehow deficient, should not be considered by you as an excuse or defense to any wire fraud which you find has been proven beyond a reasonable doubt.

### Knowingly; Willfully – General

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

**On or About a Particular Date**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

**Similar Acts Evidence**

(Rule 404(b), Fed. R. Evid.)

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment or the Defendant acted according to a plan or in preparation to commit a crime.

You may not consider this evidence for any other purpose.

The Defendant is currently on trial only for the crimes charged in the indictment. You may not convict a person simply because you believe that person may have committed an act in the past that is not charged in the indictment.

**Caution: Punishment**

**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately.  If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty or not guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.