**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-80093-MIDDLEBROOKS**

**UNITED STATES OF AMERICA**

**v.**

**JASEN BUTLER**

          **Defendant.**

_____/

**UNITED STATES' RESPONSE TO: [149] BUTLER'S SENTENCING MEORANDUM INCORPORATING OBJECTIONS TO SENTENCING GUIDELINES CALCULATIONS**

The United States files this Response to Jasen Butler's objections to the Guidelines Calculations. Butler continues to press the claim that he has valid contracts that mitigate the loss amount, notwithstanding his fraudulent inducement and unenforceable penalty clauses. He is wrong, and the Court should reject his arguments that misstate well-settled law on materiality and basic contracting principles.

First, Butler's repeated claim at the outset of these contracts that he had to send money in advance and would have to pay his suppliers the full amount if the military cancelled, *see* GX 4002, was materially false. Butler incorrectly suggests that the standard for materiality is that it goes to "the essence of the bargain." Dkt. 149 at 18. The correct standard is that "[a] misrepresentation is material if it would be likely to induce a reasonable person to manifest his assent, or if the maker knows that it would be likely to induce the recipient to do so." Restatement of Contracts 2d § 162(2); *see Neder v. United States*, 527 U.S. 1, 22 n. 5 (1999) (quoting this same standard from the Restatement of Torts). Butler falsely represented to the military that, by paying the full cost of the order, it would merely be reimbursing him for his losses. In doing so, he

1

indicated that his proposed cancellation fee complied with the military's policy of reimbursing fuel merchants for cancellation costs. This lie was "likely to induce a reasonable person" in the position of a contracting officer "to manifest his assent" to a 100% cancellation fee. Butler cannot enforce a contractual cancellation fee that he fraudulently induced.

Second, Butler wrongly contends that the normal rules governing liquidated damages clauses do not apply because of the Supremacy Clause. Dkt. 149 at 22. But there is nothing in the FAR that repudiates the common law rules of unenforceable penalty clauses. The Court of Federal Claims uses the standard version of this common law rule:

> The court must consider two factors to determine whether the provision included in the contract fixing the amount of damages payable upon breach is an enforceable liquidated damages clause. **First, the amount so fixed must be a reasonable forecast of just compensation for the harm that is caused by the breach. Second, the harm that is caused by the breach must be one that is incapable or nearly incapable of accurate estimation**….If the disputed liquidated damages clause does not satisfy both factors, the court will interpret the contract provision as an unenforceable penalty clause.

*Mega Constr. Co. v. United States*, 29 Fed. Cl. 396, 502 (1993) (emphasis added); *see also DJ Mfg. Corp. v. United States*, 33 Fed. Cl. 357, 360 (1995) (setting out the same rule). Butler's damages were readily ascertainable, because he would get a bill for the exact amount from Integr8. And he knew up front that he was not forecasting damages but trying to profit from the military's need to make changes. *See also Priebe & Sons, Inc. v. United States*, 332 U.S. 407, 413 (1947) (holding a damages clause unenforceable as a penalty and rejecting the argument that a federal contracting scheme displaces the common-law rules governing liquidated damages clauses).

Either of these problems with Butler's supposed contracts—their fraudulent inducement or the unenforceability of the penalty clauses—is sufficient to reject his argument. Probation correctly calculated a loss amount between $3.5 million and $9.5 million for the purposes of the Sentencing Guidelines.

Date: April 6, 2026                          Respectfully submitted,

                                             JASON A. REDING QUIÑONES
                                             UNITED STATES ATTORNEY

                              By:    /s/ Elizabeth Young_____
                                     ELIZABETH YOUNG
                                     Assistant United States Attorney
                                     Court ID No. A5501858
                                     Elizabeth.Young@usdoj.gov
                                     United States Attorney's Office
                                     99 Northeast 4th Street
                                     Miami, Florida 33132-2111
                                     Tel: (786) 761-3153

                                     OMEED A. ASSEFI
                                     ACTING ASSISTANT ATTORNEY GENERAL
                                     ANTITRUST DIVISION

                              By:    /s/ Jonathan Pomeranz
                                     Jonathan Pomeranz
                                     Ebonie Branch
                                     Haley Pennington
                                     Trial Attorneys
                                     U.S. Department of Justice
                                     Antitrust Division
                                     450 5th Street NW
                                     Washington, D.C. 20530
                                     S.D. Fla. Special Bar #A5503242
                                     (202) 316-2179
                                     jonathan.pomeranz@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 6, 2026, I electronically filed the foregoing with the

Clerk of the Court using CM/ECF, serving all parties.

<u>/s/ Jonathan Pomeranz</u>
Jonathan Pomeranz
Trial Attorney